UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| FREDDIE LEE HODGES, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 1:20-CV-66-TAV-SKL |
| | ) | | |
| SOCIAL SECURITY ADMINISTRATION, | ) | | |
| | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This civil action, brought by plaintiff Freddie Lee Hodges, Jr., proceeding *pro se*, is before the Court on defendant's motion to dismiss for lack of jurisdiction [Doc. 17]. Plaintiff has not responded, and the time for doing so has long expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, defendant's motion to dismiss [Doc. 17] will be **GRANTED**, and this matter will be **DISMISSED**.

**I.     Background**

In the one-page document that has been construed as a complaint in this matter, plaintiff states as follows:

> I[,] Freddie L Hodges[,] was held against my will and they harassed me all these years and I have them with false imprisonment because I have never in my whole [sic] been threw [sic] these issues a day in my whole life and this was a scam!

[Doc. 1-2, p. 3]. Plaintiff attaches a letter from the Social Security Administration ("SSA"), indicating that it intended to increase his Supplemental Security Income ("SSI") payment

from $771.00 to $783.00 beginning January 2020, due to increases in cost of living [*Id.* at 4]. Plaintiff provides no other attachments or context for his complaint.

Defendant has now filed a motion to dismiss for lack of jurisdiction [Doc. 17]. In that motion, and the attached documents, defendant provides more context for this action. Defendant was awarded SSI based on disability, with his first month of eligibility beginning in October 2009 [Doc. 18, p. 1; Doc. 18-1]. In September 2013, plaintiff was a resident of a public institution for the entire month, and therefore, was not eligible for SSI [Doc. 18, p. 1; Doc. 18-2]. Plaintiff received an overpayment of $710 for that month. [Doc. 18, p. 1; Doc. 18-3]. His SSI payments were reduced to $0 beginning in October 2013, and his SSI was reinstated in March 2014, when he was released from the public institution and again became eligible for SSI [Doc. 18, p. 1], Neither plaintiff nor his representative payee requested reconsideration of the determination that he was not eligible in September 2013 or that he was overpaid in this month, and further, have not requested waiver of the overpayment [*Id.* at 2]. Plaintiff received another overpayment of $733 in February 2016, again due to being a resident of a public institution for the entire month, and therefore, ineligible [Doc. 18, p. 2; Doc. 18-4; Doc. 18-5]. Again, neither plaintiff nor his representative payee requested reconsideration of the determination that he was not eligible in February 2016, or that he was overpaid in this month, and further, have not requested waiver of the overpayment [Doc. 18, p. 2]. SSA withheld a portion of plaintiff's SSI payments from March 2014 to January 2019 to recover the overpayments [Doc. 18, p. 2; Doc. 18-6].

SSA provided plaintiff with an alternative service letter in March 2017, stating that plaintiff was prohibited from entering a Social Security office, but neither plaintiff nor his representative payee appealed the alternative service letter or requested periodic review [Doc. 18, p. 2; Doc. 18-7].  Although details of this alternative service letter are not included in the records provided, defendant asserts that this was the result of plaintiff visiting SSA's Chattanooga, Tennessee Field Office and making loud and profane threats against the office while waiting for service [Doc. 20, p. 2].  Plaintiff has received his SSI payments since February 2019 at the full federal benefit rate with no recovery of overpayments [Doc. 18, p. 2].

SSA now moves to dismiss this action, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction [Doc. 17].  SSA argues that the Social Security Act specifically bars claims relating to the handling of SSI benefits under the Federal Tort Claims Act ("FTCA") [Doc. 20, p. 3–4].  To the extent that plaintiff's complaint could be construed as raising a tort claim unrelated to SSA's handling of his SSI payments, he has failed to exhaust his administrative remedies under the FTCA, and the torts he identifies are excluded from the FTCA's waiver of sovereign immunity [*Id.* at 4].  Finally, SSA argues that plaintiff cannot take advantage of the partial waiver of immunity in the Social Security Act because he has not identified a final decision that is appealable regarding his SSI, and the Social Security Act does not allow for general claims or damages [*Id.*].

3

## II. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In other words, federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As such, subject matter jurisdiction is a threshold issue that the Court must address and resolve prior to reaching the merits of the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *see also* Fed. R. Civ. P. 12(h)(3) (providing that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), "where subject matter jurisdiction is challenged under Rule 12(b)(1), . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986)). Rule 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). However, the liberal pleading standard of Rule 8(a) "should not be read to alter the *jurisdiction* of federal courts." *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989) (emphasis in original).

Rule 12(b)(1) motions fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself." *Id.* (emphasis in original). In considering whether jurisdiction has been established on the face of the pleading, "a district court takes the

4

Case 1:20-cv-00066-TAV-SKL   Document 21   Filed 03/12/21   Page 4 of 9   PageID #: 181

allegations in the complaint as true, which is a similar safeguard employed under [Federal Rule of Civil Procedure] 12(b)(6) motions to dismiss." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598 (emphasis in original). In this case, defendant's motion asserts both a facial and factual attack on plaintiff's assertion of this Court's subject matter jurisdiction.

Finally, the Court notes that plaintiff here is proceeding *pro se*. *Pro se* pleadings are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a *pro se* party "will not be relieved of the responsibility to comply with the basic rules of the court." *Brown v. Woodward*, No. 95-5792, 1998 WL 211785, at *1 (6th Cir. 1998); *Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 968, 970 (E.D. Tenn. 2011). As such, this Court is not required to construct claims for the plaintiff because to do so would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Lawrence v. Maryland*, No. 3:18-CV-304, 2019 WL 4723073, at *8 (E.D. Tenn. Sept. 26, 2019) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### III. Discussion

The Court begins by noting that plaintiff's complaint in this action is deficient in that it is difficult to identify the purported claims and therefore address the instant motion

5

to dismiss. However, because defendant has not moved to dismiss plaintiff's complaint for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), the Court will not *sua sponte* address that issue. Rather, the Court will address whether jurisdiction exists based on several alternate constructions of plaintiff's complaint.

First, to the extent that defendant seeks to raise a claim regarding SSA's handling of his SSI benefits under the FTCA, the Court clearly lacks jurisdiction under the plain language of the Social Security Act. The Social Security Act provides for review of a final decision on SSI applications. 42 U.S.C. §§ 405(g), 1383(c)(3). However, the Act also specifically prohibits review of a final decision on SSI under the FTCA as follows:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Section 1346 of Title 28 is the FTCA. Further, section 405(h) is a jurisdictional bar. *BP Care, Inc. v. Thompson*, 398 F.3d 503, 515 (6th Cir. 2005). Accordingly, to the extent that plaintiff seeks to raise a tort claim under the FTCA related to the SSA's handling of his SSI benefits, the Court clearly lacks jurisdiction over such claim under the plain language of section 405(h).

Next, to the extent that plaintiff seeks to raise a tort claim under the FTCA, unrelated to the management of his SSI benefits, this Court lacks jurisdiction. First, this Court lacks jurisdiction over the specific tort claims plaintiff appears to allege. "Absent a wavier,

6

sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). In 1946, Congress passed the FTCA, which waived the federal government's sovereign immunity for certain torts committed by federal employees. *Id*. at 475–76 (citing 28 U.S.C. § 1346(b)). However, the FTCA exempts from the waiver of sovereign immunity certain intentional torts, including false imprisonment. 28 U.S.C. § 2680(h); *Millbrook v. United States*, 569 U.S. 50, 50 (2013). The two potential tort claims that plaintiff mentions in his complaint are false imprisonment and harassment. The government is entitled to sovereign immunity as to plaintiff's false imprisonment claim, under the plain language of the exception to the FTCA. *See* 28 U.S.C. § 2680(h). This leaves only plaintiff's purported harassment claim. However, plaintiff's complaint indicates that his harassment claim is directly related to his false imprisonment claim. Looking to the substance of this claim, the Court finds that it is part and parcel of plaintiff's false imprisonment claim, such that it also falls within the scope of section 2680(h)'s exception. *See Milligan v. United States*, 670 F.3d 686, 695 (holding that in determining whether a claim falls within an exception in the FTCA, the court should look to the substance of the claim rather than how plaintiff pleaded the cause of action). Because the FTCA is a jurisdictional statute, if a case falls within the statutory exceptions in 28 U.S.C. § 2680, the court lacks subject matter jurisdiction and the claim must be dismissed. *Id*. at 692. Accordingly, the Court concludes that because the SSA is entitled to sovereign immunity as to plaintiff's purported false imprisonment and harassment claims, the Court lacks jurisdiction over these claims.

7

Moreover, even if the Court did not lack jurisdiction on grounds of sovereign immunity, the Court lacks jurisdiction because plaintiff has not exhausted his administrative remedies. The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). Specifically, to exhaust his remedies, a plaintiff must first present his claim to the appropriate federal agency, and the federal agency must have issued a final denial of such claim. 28 U.S.C. § 2675(a). Here, plaintiff provides no indication that he has attempted to exhaust his administrative remedies before filing the instant action [*See* Doc. 1-2]. Moreover, the SSA indicates that it has no record that plaintiff ever filed an administrative tort claim against it [Doc. 20, p. 6]. "Failure to exhaust administrative remedies deprives a federal court of jurisdiction over the claim." *Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003). Accordingly, this Court also lacks jurisdiction over any tort claims plaintiff seeks to raise under the FTCA, because plaintiff has failed to exhaust his administrative remedies.

Finally, to the extent that plaintiff seeks to raise a claim relating to the handling of his SSI benefits under the Social Security Act, this Court lacks jurisdiction because plaintiff has not presented his claim to the SSA. Notably, the SSA argues that this Court lacks jurisdiction because plaintiff has failed to fully exhaust any claims relating to his SSI benefits under the Social Security Act. However, section 405(g) of the Social Security Act contains two separate elements: (1) a jurisdictional requirement that claims be presented to

8

the agency, and (2) a waivable, nonjurisdictional requirement that the administrative remedies be exhausted. *Smith v. Berryhill*, 139 S. Ct. 1765, 1774–75 (2019). Accordingly, whether the Court lacks jurisdiction in this matter depends not on whether plaintiff has exhausted his remedies, but whether he has presented his claims to the agency under section 405(g). The Court finds that plaintiff has not met his burden of establishing jurisdiction under the Social Security Act, because he has not alleged that he presented any claim to the SSA. Even considering the more detailed recount of events provided by the SSA, it appears to the Court that plaintiff has never filed a claim with the SSA regarding the issues involved here. Accordingly, the Court finds that, to the extent that plaintiff's complaint could be construed as seeking to challenge SSA's handling of his SSI benefits under the Social Security Act, plaintiff has not established that this Court has jurisdiction over such claims. Because the Court finds that it lacks jurisdiction under any construction of plaintiff's purported claims, the Court will grant defendant's motion to dismiss for lack of jurisdiction.

## IV.  Conclusion

For the reasons set forth above, defendant's motion to dismiss for lack of jurisdiction [Doc. 17] will be **GRANTED**, and this case will be **DISMISSED**. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

An appropriate order will enter.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE